# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | | |
|---|---|---|
| JANADA BRIANNA PUTMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS RAMON JACKSON; | ) | 3:11-cv-237 |
| | ) | |
| RODNEY MONROE, in his Individual Capacity and Official Capacity as Chief of Charlotte-Mecklenburg Police Department; | ) ) ) | |
| | ) | |
| and | ) | |
| THE CITY OF CHARLOTTE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **ORDER** |
| BIANCA CHRISTINE THORPE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARCUS RAMON JACKSON; | ) | 3:11-cv-238 |
| | ) | |
| RODNEY MONROE, in his Individual Capacity and Official Capacity as Chief of Charlotte-Mecklenburg Police Department; | ) ) ) | |
| | ) | |
| and | ) | |
| THE CITY OF CHARLOTTE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

These matters are before the Court upon Plaintiff Putmon's Motion to Remand (3:11-cv-237, D.I. 4) and Plaintiff Thorpe's Motion to Remand (3:11-cv-238, D.I. 4) pursuant to 28

U.S.C. §1441(c) and 28 U.S.C. §1447(c). As these cases involve identical facts and claims, the Court will address these motions simultaneously.

Defendant Marcus Ramon Jackson ("Jackson") was employed as an officer with the Charlotte-Mecklenburg Police Department ("CMPD"). On December 28, 2009, Plaintiff Thorpe was driving with Plaintiff Putmon as a passenger in her vehicle. While on patrol, Jackson pulled over the vehicle and sexually assaulted the Plaintiffs. Jackson has since plead guilty to criminal charges stemming from these assaults and others, and is currently serving a prison sentence. On February 22, 2011, Plaintiffs filed these lawsuits in Mecklenburg County Superior Court, alleging claims of assault and battery, false arrest and imprisonment, and intentional and negligent infliction of emotional distress against Defendant Jackson. The Complaints also asserted claims against Defendants Rodney Monroe and The City of Charlotte pursuant to *respondeat superior* and negligent hiring, retention and/or supervision. All Defendants were accused of violating 42 U.S.C. § 1983 and sued for punitive damages. Defendants timely removed the cases to this Court on the basis of federal subject matter jurisdiction.

Plaintiffs argue that these cases should be remanded because they claim that N.C. Gen. Stat. § 160A-485.5 (b)(1) waives the right of the City of Charlotte to remove tort claims against the City to federal court. The statute cited by Plaintiffs deals with waivers of sovereign immunity and provides that: "Jurisdiction for tort claims against the city shall be vested in the Superior Division of the General Court of Justice of the county where the city is principally located, and, except as otherwise provided in this section, tort claims against a city shall be governed by North Carolina Rules of Civil Procedure." N.C. Gen. Stat. § 160A-485.5(b)(1).

This statute in no manner divests the federal courts of jurisdiction in § 1983 cases and

does not support Plaintiffs' argument for remand of these cases. Notably, Plaintiffs fail to cite a single case in which a federal court remanded an action based upon this statute.

Plaintiffs argue in the alternative that these cases should be remanded pursuant to 28 U.S.C. §1441(c) because the cases are predominated by state law. Plaintiffs chose to sue these Defendants under 42 U.S.C. § 1983, and the cases were properly removed on the basis of federal subject matter jurisdiction. Defendant Jackson has not appeared in these lawsuits and no party disputes that he committed the intentional torts that are the subject of Counts One through Four of the Complaints. The gravamen of these lawsuits is whether Defendants Monroe and The City of Charlotte can be held liable for Defendant Jackson's actions. Accordingly, the court finds that these cases are not predominated by state law.

IT IS THEREFORE ORDERED that the Motions to Remand are hereby DENIED;

IT IS FURTHER ORDERED that Plaintiffs are directed to show cause within ten days as to why these cases should not be consolidated.

Signed: July 27, 2011

Graham C. Mullen
United States District Judge