IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

Civil Action Number 3:11-CV-237-GCM

JANADA BRIANNA PUTMON and

BIANCA CHRISTINE THORPE,

    Plaintiffs,

vs.

MARCUS RAMON JACKSON, in his Individual Capacity and Official Capacity as an Officer of the Charlotte-Mecklenburg Police Department;

RODNEY MONROE, in his Individual Capacity and Official Capacity as Chief of the Charlotte-Mecklenburg Police Department; and

THE CITY OF CHARLOTTE, a North Carolina Municipality.

    Defendants.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

THIS MATTER is before the Court pursuant to the consideration of the merits of Plaintiffs' claims for damages against Defendant Marcus Jackson. Trial was held in this matter on June 10, 2013.

### FINDINGS OF FACT

1. The Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 over the Plaintiffs' civil rights claims.

1

2. The Court has supplemental jurisdiction over Plaintiffs' state law claims of assault, battery, and false imprisonment pursuant to 28 U.S.C. § 1367(a).

3. On or about December 28, 2009 Plaintiff Thorpe was operating a navy blue 2000 Lincoln LS four door sedan on North Davidson Street, a public street or highway in Charlotte, Mecklenburg County, North Carolina.

4. Plaintiff Thorpe was driving the vehicle, while Plaintiff Janada Putmon was a passenger in the vehicle.

5. At approximately 9:30 o'clock p.m., Defendant, a CMPD officer, operating a marked CMPD patrol car turned on his blue lights and initiated a traffic stop of the Plaintiff's vehicle.

6. Defendant was on duty, dressed in a CMPD uniform, wearing his badge and was armed.

7. After stopping Plaintiff Thorpe's vehicle, Defendant approached the driver's side of the vehicle and asked for Plaintiff Thorpe's driver's license and if the vehicle belonged to her.

8. Defendant also asked if Plaintiff Thorpe knew why he had pulled over her vehicle, to which she replied, "no sir."

9. Defendant then explained that he pulled the vehicle for speeding, but did not tell Plaintiff Thorpe how fast she was going or whether he clocked her speed using radar or paced her vehicle using his patrol car.

10. Defendant took Plaintiff Thorpe's identification and asked her to remain seated in her vehicle while he returned to his own marked patrol vehicle.

11. Moments after returning to his vehicle, Defendant again approached Plaintiff Thorpe's vehicle and asked her to step out of her vehicle and close the door.

12. Plaintiff Thorpe immediately became frightened and asked if she was going to jail.

13. Defendant immediately stated: "what I smell? You been smoking in there? Drinking?"

14. Plaintiff Thorpe explained that she had not been smoking, and that he was free to search her car.

15. Defendant again asked: "what's that smell?"

16. Plaintiff Thorpe again pleaded for Defendant to search the spare clothes, which were in the back seat of her vehicle, to satisfy his suspicions.

17. Plaintiff Thorpe also explained to Defendant that she did smoke cigarettes.

18. Rather than searching Plaintiff Thorpe's vehicle, Defendant instead went out of his way to search Plaintiff Thorpe's person.

19. Defendant took Plaintiff Thorpe to the side of the dark street next to the front tire of his police cruiser, out of the view of his cruiser's video camera.

20. Plaintiff Thorpe consented to what she thought was going to be a simple pat down of the outside of her pockets.

21. Defendant instead turned her around, placed his hands up her shirt and grabbed and fondled her breasts underneath her brassiere.

22. Defendant continued to rub both breasts.

23. Defendant next placed his hands down Plaintiff Thorpe's pants and rubbed his hands across the outside of her panties in the vicinity of her pubic area.

24. After fondling and groping Plaintiff Thorpe's private areas for his own sexual gratification, Defendant asked her for the name of the female passenger in the vehicle.

25. Plaintiff Thorpe told Defendant that the passenger's name was Janada Putmon.

26. Defendant then asked that Plaintiff Thorpe return to her vehicle and requested that Plaintiff Putmon exit the vehicle.

27. Defendant explained to both Plaintiff Thorpe and Putmon that he was going to also search Putmon and that if she checked out clean; he would let Plaintiff Thorpe go with just a warning for driving without a driver's license.

28. Defendant performed a similar illegal search of Plaintiff Putmon's person by also placing his hands under shirt and rubbing her breasts underneath her brassiere.

29. After fondling Putmon, Defendant allowed the vehicle to leave and did not issue Plaintiff Thorpe or Plaintiff Putmon a citation for committing a criminal or traffic offense.

30. Before driving away, Plaintiff Putmon asked if Defendant would return both Plaintiffs' identification cards.

31. Defendant at first could not find the two identification cards, but eventually found both identification cards in his personal wallet.

32. Plaintiffs brought suit against Defendant, stating claims for assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, Constitutional violations under 42 U.S.C. § 1983, punitive damages, and costs and attorney's fees.

33. Plaintiffs effected lawful service upon Defendant on or about May 27, 2011 (Plaintiff Thorpe's Summons and Complaint) and May 31, 2011 (Plaintiff Putmon's Summons and Complaint).

34. Defendant failed to plead, defend or otherwise answer Plaintiffs' suit.

35. Plaintiffs moved for entry of default against Defendant on June 19, 2012.

36. The clerk's entry of default was entered on July 18, 2012, against Defendant.

37. A trial on the issue of damages was held on June 10, 2013. Based on the evidence of record, the Court finds that Plaintiff Thorpe is entitled to compensatory damages for Defendant's assault in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

38. Based on the evidence of record, the Court finds that Plaintiff Putmon is entitled to compensatory damages for Defendant's assault in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

39. Based on the evidence of record, the Court finds that Plaintiff Thorpe is entitled to compensatory damages for Defendant's battery in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

40. Based on the evidence of record, the Court finds that Plaintiff Putmon is entitled to compensatory damages for Defendant's battery in the following amount: 25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

41. Based on the evidence of record, the Court finds that Plaintiff Thorpe is entitled to compensatory damages for Defendant's false imprisonment in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

42. Based on the evidence of record, the Court finds that Plaintiff Putmon is entitled to compensatory damages for Defendant's false imprisonment in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

43. Based on the evidence of record, the Court finds that Plaintiff Thorpe is entitled to compensatory damages for Defendant's violation of her Constitutional rights pursuant to 42 U.S.C. § 1983 in the following amount: $25,000.00 and interest accrued to

the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

44. Based on the evidence of record, the Court finds that Plaintiff Putmon is entitled to compensatory damages for Defendant's violation of her Constitutional rights pursuant to 42 U.S.C. § 1983 in the following amount: $25,000.00 and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

45. Defendant's conduct was shown to be motivated by evil motive or intent, and involved reckless or callous indifference to the federally protected rights of others.

46. Defendant's conduct involved malice, or wanton or willful conduct. N.C.G.S. § 1D-15(a).

47. Plaintiff Thorpe is entitled to recover from Defendant $300,000.00 in punitive damages, and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied, due to his reckless or callous indifference to her federally protected rights and/or for conduct that was wanton, willful and malicious.

48. Plaintiff Putmon is entitled to recover from Defendant $300,000.00 in punitive damages, and interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied, due to his reckless or

callous indifference to her federally protected rights and/or for conduct that was wanton, willful and malicious.

49. Plaintiffs herein prevailed in their claim under 42 U.S.C. § 1983 against Defendant and are therefore entitled to a reasonable attorney's fee pursuant to 42 U.S.C. § 1988.

50. Plaintiffs made out a substantial clam under 42 U.S.C. § 1983 and there was a common nucleus of operative facts in the civil rights claim and state claims brought by Plaintiffs, thereby entitling them to a reasonable attorney's fee.

Based on the foregoing Findings of Fact, the Court makes the following Conclusions of Law:

1. The Court has personal jurisdiction over the Defendant and subject matter jurisdiction over the case.

2. Defendant's actions constituted both an assault and battery of Plaintiffs.

3. Defendant falsely imprisoned Plaintiffs in violation of law.

4. Defendant violated, while acting under color of law, Plaintiffs' Constitutional rights, in violation of 42 U.S.C. § 1983.

5. Plaintiffs are entitled to compensatory damages in the following amounts: $100,000.00 to Plaintiff Thorpe and $100,000.00 to Plaintiff Putmon, to be recovered from Defendant, together with interest accrued to the date of the judgment, plus

interest at the legal rate on the principal sum from this day until judgment is satisfied, to compensate them for Defendant's assault and battery of their persons, their false imprisonment, and for violation of their Constitutional rights pursuant to 42 U.S.C. § 1983.

6. Defendant's conduct was motivated by evil motive or intent, and involved reckless or callous indifference to the federally protected rights of others.

7. Plaintiffs are entitled to punitive damages pursuant to 42 U.S.C. § 1983.

8. Defendant's conduct involved malice, or wanton or willful conduct.

9. Plaintiffs are entitled to punitive damages under N.C.G.S. § 1D-15(a).

10. The Court awards the following amount to Plaintiff Thorpe: $300,000.00; and the following amount to Plaintiff Putmon: $300,000.00; in punitive damages, to be recovered from Defendant, together with interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied, for conduct that was motivated by evil motive or intent, and involved reckless or callous indifference to the federally protected rights of others; and/or for conduct involved malice, or wanton or willful conduct.

11. The Court awards $60,037.06 to the law firm of Arnold & Smith, PLLC for costs and attorney's fees associated with this action to be recovered from Defendant, together

with interest accrued to the date of the judgment, plus interest at the legal rate on the principal sum from this day until judgment is satisfied.

Signed: June 17, 2013

Title of Signing Officer
United States District Court